James Do Kim, Esq. (SBN 231038)
LAW OFFICES OF DO KIM, APLC
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
Telephone: (213) 251-5440
Email: dkim@dokimlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

SIDNEY KANG, DECEASED, by and
through his Co-Successors in Interest,
KATIE YOUNG and JOHN KANG, as
Co-Successors in Interest and
individually,

        PLAINTIFFS,

  vs.

OFFICER CUSTER; CHRISTIAN
PFEIFFER; and DOES 1 through 10,
inclusive,

        DEFENDANTS.

Case No.

**COMPLAINT FOR DAMAGES:**

1. Failure to Protect (42. U.S.C. § 1983);
2. Supervisorial Liability (42. U.S.C. § 1983);
3. Negligence;
4. Negligent Supervision, Training, Hiring, and Retention;
5. Wrongful Death;
6. Intentional Infliction of Emotional Distress; and
7. Violation of Civil Code § 52.1.

**<u>DEMAND FOR JURY TRIAL</u>**

1.

**COMPLAINT FOR DAMAGES**

Plaintiffs SIDNEY KANG, DECEASED, by and through his co-successors in interest, KATIE YOUNG and JOHN KANG, as co-successors in interest and individually, on information and belief, make the following allegations to support this Complaint:

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction).  This action arises under the laws of the United States and of California.  Plaintiffs seek to redress deprivations by the Defendants, acting under color of federal and state laws, of rights secured to them by the Constitution, and the laws of the United States and the state of California. This Court has jurisdiction over Plaintiffs' supplemental or pendant claims under California law pursuant to 28 U.S.C. § 1367.

2.    Venue in this action is proper in this judicial district by virtue of 28 U.S.C. § 1391 because the acts or omissions complained of occurred in this judicial district and because the Plaintiffs and/or one or more of the Defendants reside in this judicial district.

## THE PARTIES

3.    At all times mentioned herein, Plaintiffs KATIE YOUNG ("Ms. YOUNG") and JOHN KANG ("Mr. KANG") were and are citizens of the United States and competent individuals.  KATIE YOUNG is the biological mother of SIDNEY KANG and JOHN KANG is the biological father of SIDNEY KANG, hereinafter referred to collectively as "Plaintiffs."  Plaintiffs are proper successors in interest of SIDNEY KANG, pursuant to California Code of Civil Procedure § 377.11.  Plaintiffs KATIE YOUNG and JOHN KANG bring these claims individually and as Co-Successors in Interest for SIDNEY KANG, Deceased, and the claims are brought pursuant to California Code of Civil Procedure sections 377.20, et seq. and 377.60, et seq., which provide for survival and wrongful death actions.  The survival and wrongful death claims all survive the death of SIDNEY

**COMPLAINT FOR DAMAGES**

1  KANG; all arise from the same wrongful act or neglect of another; and such

2  claims are properly joined pursuant to California Code of Civil Procedure

3  §377.62.  The claims set forth below are also brought by KATIE YOUNG and

4  JOHN KANG individually and on behalf of Decedent SIDNEY KANG based on

5  42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal and state

6  law.

7       4.     Plaintiffs timely filed a tort claim with the STATE OF

8  CALIFORNIA and the claim was denied.  This action is timely filed within six

9  months of the denial of the tort claim.

10      5.     At all material times, CALIFORNIA DEPARTMENT OF

11 CORRECTIONS AND REHABILITATION ("CDCR"), was an agency of the

12 State of California that was responsible for the operation of the California state

13 prison and parole systems, including operation of Kern Valley State Prison, where

14 SIDNEY KANG died as an inmate on May 5, 2022.  At all material times, Kern

15 Valley State Prison was a State of California prison under CDCR.  All of the acts

16 complained of herein by Plaintiffs against CDCR were done and performed by

17 said Defendant CDCR by and through its authorized agents, servants, and/or

18 employees, and each of them, all of whom at all relevant times herein were acting

19 within the course, purpose, and scope of said agency, service, and/or employment

20 capacity.  Moreover, CDCR and its employees and/or agents ratified, condoned,

21 permitted, and/or authorized the conduct of its employees, or agents, all of the

22 acts complained of herein, and is vicariously liable for the wrongful conduct of its

23 employees or agents.

24      6.     Plaintiffs are informed and believe and thereon allege that, at all

25 relevant times mentioned herein, Defendants CUSTER, a correctional officer at

26 Kern Valley State Prison, CHRISTIAN PFEIFFER, and possibly other

27 unidentified correctional officers/employees of Kern Valley State Prison, DOES

28 1-10, were duly authorized employees of CDCR, who were acting within the

3.

**COMPLAINT FOR DAMAGES**

course and scope of their respective duties and with the complete authority and ratification of CDCR. At all relevant times herein, Defendants CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10 were acting under color of state and federal law: under the color of the statutes, ordinances, regulations, policies, procedures, customs, and usages of CDCR.

7.    At all material times, CHRISTIAN PFEIFFER was the Warden for Kern Valley State Prison and the highest policymaking official at Kern Valley State Prison. On information and belief, he was ultimately responsible for the oversight, management, policies, procedures, provision of services, hiring, supervision, training, discipline, and retention of all employees and agents at Kern Valley State Prison, including in relation to keeping inmates safe. He was responsible for promulgation, and implementation of policies and procedures in Kern Valley State Prison, and was responsible for the care, custody, and treatment of prisoners at Kern Valley State Prison. Defendant CHRISTIAN PFEIFFER is sued in his individual capacity. Defendant CHRISTIAN PFEIFFER failed to ensure that the enforcement of policies, rules, or directives and/or failure to implement appropriate policies, rules, or directives set in motion a series of acts by others which he knew, or reasonably should have known, would create a situation in which correctional officer CUSTER and possible other officers permitted and/or enabled inmates Anthony Ramirez and Michael Caldera to attack, injure, and kill SIDNEY KANG. Defendant CHRISTIAN PFEIFFER's affirmative conduct includes his acquiescence in the violations alleged herein. At all material times he was employed by the State of California, and acted within the course and scope of that employment.

8.    Plaintiffs are unaware of the true identities, capacities, and the role of 10 unknown named Defendants, whether a corporation, agent, government entity, individual, employee, supervisor, or otherwise, and for this reason sues those Defendants by fictitious names. Plaintiffs are informed and believe and

**COMPLAINT FOR DAMAGES**

thereon allege that each of the fictitiously named Defendants are in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiffs will seek leave to amend this Complaint to allege the true identities, capacities, and roles of those fictitiously named Defendants when they are determined.

9.     Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, inclusive, are hereinafter referred to collectively as "Defendants."

10.     Plaintiffs are informed and believe and thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, or representative of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

11.     Plaintiffs are informed and believe and thereon allege that all Defendants, at all times relevant to the allegations herein, acted under color of federal and/or state law, and each Defendant, is sued in his or her individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     SIDNEY KANG was admitted from Los Angeles County to Kern Valley State Prison in Delano, California in approximately May 2014.  At all relevant times, SIDNEY KANG was an inmate at Kern Valley State Prison, which is operate and controlled by the California Department of Corrections and Rehabilitation, State of California.

13.     On or about April 4, 2022, SIDNEY KANG emailed his uncle, Scott Cho, that a correctional officer named CUSTER, who is the captain of C yard, was endangering his life and that if he gets hurt, it was Officer CUSTER's doing and the C-yard correctional officers.  In the email, SIDNEY KANG mentioned that his group did not get along with another group and that the correctional

**COMPLAINT FOR DAMAGES**

officers were favoring the other group. SIDNEY KANG wrote that the correctional officer, including OFFICER CUSTER, were going to let one of us out to the yard against six inmates from the other group and set him up to get hurt.

14.    Scott Cho had several phone conversation with SIDNEY KANG about his safety at Kern Valley State Prison and told his uncle that he would file a complaint against the correctional officers. Plaintiffs are informed and believe and thereon allege that SIDNEY KANG filed a complaint with Kern Valley State Prison and CDCR that his and the lives of his friend group were in danger due to the conduct of correctional officers, including OFFICER CUSTER. As such, Defendants had a responsibility to investigate SIDNEY KANG's complaint.

15.    On or about May 5, 2022, SIDNEY KANG was taken out to the recreational yard. However, the correctional officers did not permit SIDNEY KANG's cellmate to go to the yard. At approximately 10 a.m., SIDNEY KANG was attacked by two inmates, Anthony Ramirez and Michael Caldera, in the recreational yard. Mr. KANG was treated for his injuries at Kern Valley State Prison but at approximately 10:41 a.m., SIDNEY KANG was pronounced deceased. Correctional officers recovered inmate-manufactured weapons, which were apparently used to attack Mr. KANG. Plaintiffs are informed and believe and thereon allege that unknown correctional officers, medical staff, or other employees, agents, or contractors delayed medical care for Mr. KANG and/or delayed requesting an ambulance to take Mr. KANG to the hospital.

16.    In 2020, Anthony Ramirez seriously assaulted an inmate, for which he received an additional twelve years and in 2021, he received another two years for possessing or manufacturing a deadline weapon. Plaintiffs are further informed and believe and thereon allege that Correctional Officer Custer and other unknown correctional officers and employees knew Anthony Ramirez's

COMPLAINT FOR DAMAGES

criminal history and tendency to assault other inmates and to possess or make deadline weapons, which may be used to attach other inmates.

17.    Correctional Officer Custer and other unknown correctional officers and employees at Kern Valley State Prison, endangered the life of SIDNEY KANG by permitting Anthony Ramirez, Michael Caldera, and possibly other inmates to attack, injure, and kill Mr. KANG in the recreational yard.  Plaintiffs are informed and believe and thereon allege that prior to the death of SIDNEY KANG, Correctional Officer Custer and other unknown correctional officers and employees were fully aware that Mr. KANG and his inmate friends were not getting along with another group of inmates and that an attack on SIDNEY KANG and/or his friends would occur.  Correctional Officer Custer and other unknown correctional officers and employees conspired to permit Anthony Ramirez, Michael Caldera, and other inmates to attack, injure, and kill Mr. KANG in the recreational yard.  Plaintiffs allege that Correctional Officer Custer was the captain and/or supervisor for the recreational yard at the time of the incident and that he failed to properly supervise and train unknown correctional officers regarding proper policies and practices for inmate safety, which led to the attack, injury, and death of SIDNEY KANG.

18.    Plaintiffs are informed and believe and thereon allege that OFFICER CUSTER and/or other correctional officers set up SIDNEY KANG to be attacked and possibly killed by other inmates, Anthony Ramirez and Michael Caldera, even though OFFICER CUSTER and other correctional officers, DOES 1-10, had a duty to protect SIDNEY KANG from injury and harm from other inmates, whom they knew wanted to injure and harm him.  OFFICER CUSTER and other unknown correctional officers with deliberate indifference to SIDNEY KANG's constitutional right to be safe in prison violated his civil rights, pursuant to 42 U.S.C. § 1983.

19.    In addition, SIDNEY KANG was attacked, injured, and killed because Kern Valley State Prison (CDCR) employees, agent, contractors, etc. acted negligently, with gross negligence, recklessly and unreasonably, or some other actionable manner, as follows:

- Failed to properly train employees and/or agents and/or medical staff (including outside vendors and contractors) with respect to policies and procedures of Kern Valley State Prison as they relate to oversight, supervision, monitoring, and safety of inmates.

- Failed to have policies and procedures at Kern Valley State Prison as they relate to oversight, supervision, monitoring, and safety of inmates.

- Failed to properly hire employees and/or agents and medical staff (including outside vendors and contractors) of Kern Valley State Prison.

- Failed to properly retain and/or remove employees and/or agents and medical staff (including outside vendors and contractors) who were not competent and/or failed to and were unwilling to perform their job in a reasonable and competent manner at Kern Valley State Prison.

- Failed to properly supervise employees and/or agents and medical staff (including outside vendors and contractors) of Kern Valley State Prison.

**COMPLAINT FOR DAMAGES**

- Failed to have proper procedures in place to prevent the types of injury that occurred to Sidney Kang while he was housed at Kern Valley State Prison.

- Failed to provide appropriate and/or adequate and timely medical care to Sidney Kang.

- Failed to timely summon medical care despite knowledge of the need for immediate medical care and failure to take reasonable action to summon such medical care for Sidney Kang.

- Failed to provide sufficient safety of the premises in place to prevent the types of injury that occurred to Sidney Kang while he was housed at Kern Valley State Prison.

20.     Plaintiffs are informed and believe and thereon allege that the CDCR correctional officers and employees, including but not limited to Correctional Officer Custer, responsible for Plaintiffs' damages were negligently hired, retained, supervised and/or trained by the CDCR and supervisory officials, including but not limited to Kern Valley State Prison Warden CHRISTIAN PFEIFFER.  Plaintiffs are further informed and believe and thereon allege that the CDCR and/or Kern Valley State Prison has a practice and policy of condoning, authorizing, participating, and ratifying attacks on inmates by other inmates because they failed to have in place an appropriate mechanism and oversight system to ensure that inmates do not attack, injure, and kill other inmates.

21.     As a result of the negligent and wrongful conduct of the CDCR employees, including but not limited to Warden CHRISTIAN PFEIFFER, Correctional OFFICER CUSTER, and other unknown correctional officers,

**COMPLAINT FOR DAMAGES**

employees, and/or agents, Plaintiffs have suffered significant damages, including but not limited to emotional distress, fear, anxiety, torment, degradation, pain and suffering, death, and other damages.

22.    As for the survival claim brought by KATIE YOUNG and JOHN KANG, on behalf of their son, SIDNEY KANG, the damages include but are not limited to, funeral services and burial expenses, economic damages, loss of enjoyment of life, violation of constitutional rights, violation of state and federal law, trauma, emotional distress, pain and suffering, etc.

23.    As for Plaintiffs' own individual claims, in addition to the costs related to Mr. KANG's death and funeral services, Plaintiffs' damages include, but are not limited to, economic damages, violation of constitutional rights, violation of state and federal law, trauma, emotional distress, deprivation of the comfort, support and society of their son, etc. as a result of the unlawful, wrongful death.

## FIRST CAUSE OF ACTION
## FAILURE TO PROTECT (42 U.S.C. § 1983)
## (ALL PLAINTIFFS AGAINST DEFENDANTS OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10)

24.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 23 above.

25.    By the actions and omissions described above, Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, acting under the color of state and federal law in their individual capacities, deprived SIDNEY KANG of the rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments by subjecting him, or through their deliberate indifference, allowing others to subject him, to inhumane conditions of confinement and obviously unsafe conditions that created and increased SIDNEY KANG's exposure to serious physical harm, causing him to be attacked by other inmates and die.

**COMPLAINT FOR DAMAGES**

26.     The Defendants knew that due to the SIDNEY KANG's inmate group and another inmate group not getting along, as well as the past criminal history of Anthony Ramirez and Michael Caldera in attacking other inmates, SIDNEY KANG faced significant risk of serious harm from inmates their group had "beef" with.  Defendants further had a duty to provide SIDNEY KANG humane and safe living conditions, including a duty to act to abate exposure to serious harm, including an attack by other inmates and death.

27.     The Defendants ignored, delayed, and/or denied to SIDNEY KANG needed measure and care necessary to maintain reasonably safe conditions for him at Kern Valley State Prison, to avoid an attack and death, and to address his safety.  As a result of the Defendants' deliberate indifference to SIDNEY KANG's safety, Plaintiffs suffered damages and deprivation of constitutional rights, as described herein.

28.     By the actions and omissions described above, the individually named Defendants violated 42 U.S.C. § 1983, depriving Plaintiffs and Decedent of the following well-settled constitutional right that are protected by the Eighth and Fourteenth Amendments to the U.S. Constitution:

    a.     The right to be free from deliberate indifference to SIDNEY KANG's safety while in state custody as an inmate, secured by the Eighth Amendment.

29.     The Defendants are liable for their individual conduct and decisions, for their failures to protect, prevent, or stop the constitutional violations by Anthony Ramirez and Michael Caldera when Defendants were able to intervene and protect when such violations were occurring, and for their supervisory failures that caused their subordinates to violate Plaintiffs' and Decedent's rights.

30.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs and Decedent of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of

11.

**COMPLAINT FOR DAMAGES**

Plaintiffs (Individually and on behalf of SIDNEY KANG) and others would be violated by their acts and/or omissions.

31.    As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiffs sustained injuries and damages, as set forth above.  Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.  As a result of these individual Defendants' action and/or inactions and deliberate indifference, Plaintiffs suffered loss of society, comfort, companionship, solace, love, affection, services of SIDNEY KANG, incurred burial and funeral expenses, and suffered and continue to suffer these damages.

32.    In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously, oppressively, and/or with reckless disregard for the rights and safety of Plaintiffs, Decedent, and others, and by reason thereof, Plaintiffs are entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure § 377,20, et seq.  And other state and federal law against the individual Defendants. Plaintiffs do not seek punitive damages against the CDCR.

33.    Plaintiffs are also entitled to reasonable cost and attorney's fees under 42 U.S.C. § 1983 and other applicable California codes and laws.

## SECOND CAUSE OF ACTION

### SUPERVISORIAL LIABILITY (42 U.S.C. § 1983)

### (ALL PLAINTIFFS AGAINST DEFENDANTS OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10)

34.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 33 above.

35.    Plaintiffs are informed and believe and thereon allege that Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, including but not limited to unknown supervisory employees and officials, knew, or in the exercise of reasonable care, should have known of a history and

propensity and pattern at the time of this incident for Kern Valley State Prison to fail to train and supervise and ensure that Kern Valley State Prison correctional officers, such as OFFICER CUSTER and DOES 1-10, 1) do not endanger the life of inmates such as SIDNEY KANG, and 2) failed to take into consideration the criminal background of Anthony Ramirez and Michael Caldera.  Officer CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, disregard of this knowledge or failure to adequately investigate, discover, and correct such acts or failures to act was a moving force which caused the violation of Plaintiffs' constitutional rights.

36.    Plaintiffs are informed and believe and thereon allege that prior to the attack and death of SIDNEY KANG alleged herein, Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, acting under the color of their authority as supervisors of officers, employees, and/or agents, including but not limited to OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, and in the course and scope of their employment as such, committed similar acts of failing to supervise and train their subordinates to ensure that Kern Valley State Prison warden, officers, employees, and/or agents, do not endanger the life of inmates such as SIDNEY KANG.

37.    Plaintiffs are further informed and believe and thereon allege that Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and Does 1-10, knew, or in the exercise of reasonable care should have known, of this pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and OFFICER CUSTER, CHRISTIAN PFEIFFER, and Does 1-10, had a duty to train and instruct their subordinates to prevent similar acts to other citizens, but failed to take steps to properly train, supervise, investigate, or instruct officers, and/or agents or employees, and to

**COMPLAINT FOR DAMAGES**

retain officers who had a history of inappropriate conduct, and as a result Plaintiffs were harmed in the manner threatened by the pattern or practice.

38.    At all times herein mentioned, and prior thereto, OFFICER CUSTER, CHRISTIAN PFEIFFER, and unknown supervisors, Does 1-10, had the duty to perform the following and violated that duty: 1) to train, supervise, and instruct officers, employees, and agents to ensure that they respected and did not violate federal and state constitutional and statutory rights of citizens, and 2) to discipline and establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of citizens, by not condoning, ratifying, and/or encouraging the violation of Plaintiffs' and other citizens' constitutional rights.

39.    As a direct and legal result of the acts and omissions of Defendants, Plaintiffs have suffered  emotional distress, humiliation, fear, anxiety, torment, shock, degradation, damage to reputation, loss of earnings, and other damages. Plaintiffs are entitled to general and compensatory damages in amounts to be proven at trial. The amount of damages suffered by Plaintiffs will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

40.    The aforementioned acts of said individual Defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### SURVIVAL ACTION - CALIFORNIA STATE LAW

### (AGAINST DEFENDANTS OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10)

41.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 40 above.

**COMPLAINT FOR DAMAGES**

42.    At all material times, Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10 owed SIDNEY KANG the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

43.    At all material times, each Defendant owed SIDNEY KANG the duty to act with reasonable care.

44.    These general duties of reasonable care and due care owed to SIDNEY KANG by all Defendants include, but are not limited, to the following specific obligations: (a) to maintain human living conditions for, and provide for the safety and serious medical needs of SIDNEY KANG as a state inmate, including taking proper and adequate measures to abate the substantial risk of serious harm posed by other inmates, and (2) to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, and as otherwise protected by law.

45.    Defendants, through their acts and omissions breached the duties owed to SIDNEY KANG and Plaintiffs.

46.    By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to SIDNEY KANG and Plaintiffs.

47.    As a proximate result of Defendants' negligence, SIDNEY KANG and Plaintiffs sustained injuries and damages, and are entitled to relief.  Plaintiffs also seek punitive damages against Defendants OFFICER CUSTER and CHRISTIAN PFEIFFER, and DOES 1-10 in their individual capacities.

48.    Defendant CDCR engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its officers, employees, subcontractors, and agents, including but not limited to OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, and are vicariously liable for their wrongful conduct.

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

## NEGLIGENT SUPERVISION, TRAINING, HIRING, AND RETENTION

## SURVIVAL ACTION - CALIFORNIA STATE LAW

## (AGAINST DEFENDANTS OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10)

49.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 48 above.

50.    Upon information and belief, Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10 (hereinafter referred to as "SUPERVISORY DEFENDANTS"), knew or reasonably should have known of Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10's propensity for wrongful, dangerous, and exploitive conduct.

51.    Plaintiffs are informed and believe and thereon allege that SUPERVISORY DEFENDANTS had a duty to not hire or retain Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10, given their wrongful, dangerous, and exploitive propensities, and to provide reasonable training and supervision of Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10.

52.    Plaintiffs are informed and believe and thereon allege that SUPERVISORY DEFENDANTS negligently retained and/or failed to train and/or supervise Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10 in their position of trust and authority as correctional officer and warden of Kern Valley State Prison, where Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10 were able to commit the wrongful acts complained of herein against SIDNEY KANG and Plaintiffs. Plaintiffs are informed and believe and thereon allege that SUPERVISORY DEFENDANTS failed to provide reasonable training and supervision of their

16.

**COMPLAINT FOR DAMAGES**

officers, employees, and agents. Plaintiffs are informed and believes and thereon allege that SUPERVISORY DEFENDANTS failed to provide adequate training and supervision to OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10 to prevent inmate on inmate violence and death, and negligently retained OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1 through 10 when it knew or should have known that they had a propensity for wrongful, dangerous, and exploitative conduct, including but not limited to allowing inmates to harm other inmates.

53.    As a result of the above-described conduct, SIDNEY KANG and Plaintiffs have suffered, and continue to suffer emotional distress, humiliation, fear, anxiety, torment, shock, degradation, damage to reputation, loss of earnings, medical expenses, and other damages.

54.    CDCR and its managing agents, officers, and/or directors, engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its officers, employees, subcontractors, and agents and is vicariously liable for the wrongful conduct of its SUPERVISORY DEFENDANTS, employees, subcontractors, and agents for this cause of action. The aforementioned acts of individual Defendants were conducted with conscious disregard for the safety of SIDNEY KANG and Plaintiffs and others, and were therefore malicious, wanton, and oppressive.  As a result, Defendants' actions justy an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## FIFTH CAUSE OF ACTION
## WRONGFUL DEATH - CALIFORNIA CODE CIV. PROD. § 377.60
## (ALL PLAINTIFFS AGAINST DEFENDANTS OFFICER CUSTER, CHRISTIAN PFEIFFER, AND DOES 1-10)

55.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 54 above.

**COMPLAINT FOR DAMAGES**

56.    SIDNEY KANG'S death was a direct and proximate result of the aforementioned wrongful and/or negligent acts and/or omissions of Defendants. Defendants' acts and/or omissions thus were also a direct and proximate cause of Plaintiff's injuries and damages, as alleged herein.

57.    As a direct and proximate result of Defendants' wrongful and/or negligent acts and/or omissions, Plaintiffs incurred expenses for funeral and burial expenses in an amount to be proved.

58.    As a direct and proximate result of Defendants' wrongful and/or negligent acts and/or omissions, Plaintiffs suffered the loss of the services, society, care, and protection of the decedent, as well as the loss of the present value of his future services to Plaintiffs.  Plaintiffs are further entitled to recover prejudgment interest.

59.    The aforementioned acts and/or omissions of Defendants in their individual capacity were willful, wanton, malicious, and oppressive, therey justifying and award to Plaintiffs of exemplary and punitive damages to punch the wrongful conduct alleged herein and to deter such conduct in the future.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (ALL PLAINTIFFS AGAINST DEFENDANTS OFFICER CUSTER, AND DOES 1-10)

60.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 59 above.

61.    Defendants engaged in outrageous conduct towards SIDNEY KANG and Plaintiffs with the intention to cause, or with reckless disregard for the probability of causing, SIDNEYKANG/Plaintiffs to suffer severe emotional distress, and with wanton and reckless disregard for the injurious result to SIDNEY KANG/Plaintiffs. As set forth in detail under "Facts Common To All Causes of Action," Defendants OFFICER CUSTER and DOES 1 through 10

**COMPLAINT FOR DAMAGES**

allowed inmates to attack SIDNEY KANG in the recreational yard and failed to intervene and provide medical services in a timely manner to save his life. Plaintiffs are informed and believe and thereon allege that Kern Valley State Prison, through its employees, including OFFICER CUSTER, and DOES 1-10, provided inadequate medical services for SIDNEY KANG after he was stabbed multiple times by other inmates, including referral to a medical facility for a higher level of care.

62.    As a direct and proximate cause of aforementioned despicable acts of Defendants OFFICER CUSTER and DOES 1-10, Plaintiffs have suffered severe emotional distress, including but not limited to mental anguish, shock, nervousness, anxiety, worry, humiliation, indignity, and ordeal. The acts of Defendants OFFICER CUSTER and DOES 1-10 were intentional and done with malicious and oppressive intent, and were unreasonable and likely to result in severe emotional distress. As a result of Defendants OFFICER CUSTER and DOES 1-10's actions and/or omissions, SIDNEY KANG was attacked by two other inmates, which resulted in death.

63.    Defendants' conduct was and is a substantial factor in causing Plaintiffs' severe emotional distress.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF CIVIL CODE § 52.1
### (ALL PLAINTIFFS AGAINST DEFENDANTS OFFICER CUSTER, CHRISTIAN PFEIFFER, AND DOES 1-10)

64.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 63 above.

65.    By their acts, omissions, customs, and policies, Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10, acting in concert/conspiracy, as described above, and with threat, intimidation, coercion, and/or with reckless disregard for their rights, violated Plaintiffs' and Decedents'

19.

**COMPLAINT FOR DAMAGES**

rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

a.  Decedent's right to be free from deliberate indifference to his safety and serious medical needs while in custody as an inmate, as secured by the Eighth Amendment to the United States Constitution and the California Constitution, Article 1, Section 17.

b.  The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1.

66.  Defendants' violation of Plaintiffs' and Decedent's rights with deliberate indifference in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' and Decedent's rights, Defendants violated Plaintiffs' and Decedent's rights by the following conduct, among other conduct, constituting threatening, intimidation, or coercion:

a.  Intentionally and with deliberate indifference, choosing to place SIDNEY KANG at a highly increased risk of harm, while he, as an inmate, was powerless to freely act to protect himself and mitigate that risk;

b.  Intentionally and with deliberate indifference, doing and/or permitting subparagraph a when it was also obvious that in doing so, Decedent would be physically harmed and/or his life was likely to end needlessly, and/or that Plaintiffs' rights as Decedent's family also would be violated.

67.  To the extent that this claim is based on a violation of Decedent's rights, it is asserted as a survival claim.  To the extent that the violations of rights were done to Plaintiffs KATIE YOUNG and JOHN KANG, it is asserted as their

individual claims.  To the extent the violations were done to both Decedent and Plaintiffs, it is asserted ass both survival and individual claims.

68.    As a direct and proximate result of the Defendants OFFICER CUSTER, CHRISTIAN PFEIFFER, and DOES 1-10's violation of California Civil Code § 52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions and law, Plaintiffs sustained injuries and damages, and against each Defendant named in this Claim for Relief are entitled to relief, including punitive damages against all individual Defendants, and all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, including three times actual damages, and attorney's fees.

## **PRAYER**

Wherefore, Plaintiffs pray for judgment against each defendant as follows:

1.    For compensatory and general damages, past, present and future, in an amount according to proof and in excess of this court's jurisdiction;

2.    For special damages in an amount according to proof;

3.    For damages related to loss of familial relations;

4.    Funeral and burial expenses, and incidental expenses not yet fully ascertained;

5.    General damages, including damages for physical and emotional pain, emotional distress, hardship, suffering, shock, worry, anxiety, sleeplessness, illness and trauma an dsuffering, the loss of the services, society, care and protection of the decedent, as well as the loss of financial support and contributions, loss of the present value of future services and contributions, and loss of economic security;

6.    For loss of earnings and other economic or pecuniary damages, according to proof;

7.    For medical expenses in an amount according to proof;

**COMPLAINT FOR DAMAGES**

8.    For punitive or exemplary damages where alleged against the individual defendants only;

9.    For legal interest on the judgment;

10.    For costs of the suit and reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and Civil Code § 52(a) and other allowable attorney's fees provisions.

11.    For restitution as the Court deems just and proper;

12.    For such other and further relief, including injunctive and/or declaratory relief, as the Court may deem just and proper.


Dated: October 24, 2023                    LAW OFFICES OF DO KIM, APLC

                                            By: _____
                                                James Do Kim
                                                Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims.

Dated: October 24, 2023                    LAW OFFICES OF DO KIM, APLC

By: _____

James Do Kim
Attorneys for Plaintiffs

23.

**COMPLAINT FOR DAMAGES**

## JOINT DECLARATION OF KATIE YOUNG and JOHN KANG

I, KATIE YOUNG and JOHN KANG hereby state and declare that:

1. We are Plaintiffs in the above-captioned action. We are over the age of 18 years. We have personal knowledge of the matters stated in this declaration and, if called upon as a witness, we could and would competently testify thereto.

2. The Decedent's name is SIDNEY KANG.

3. SIDNEY KANG died at Kern Valley State Prison on May 5, 2022, in the Kern County, while in the custody and care of Kern Valley State Prison.

4. There is no proceeding pending in California for the administration of SIDNEY KANG's estate.

5. The Declarants are SIDNEY KANG's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to SIDNEY KANG's interest in the action or proceeding.

6. The facts supporting the statement in Paragraph 5 above are as follows: Declarant KATIE YOUNG is the mother of SIDNEY KANG and successor in interest of SIDNEY KANG's estate. Declarant JOHN KANG is the father of SIDNEY KANG and successor in interest of SIDNEY KANG's estate.

7. No other person has a superior right to commence the action or proceeding or to be substituted for SIDNEY KANG in the pending action or proceeding.

8. A true and correct copy of SIDNEY KANG's certified death certificate is attached.

The Declarants affirm or declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

///
///
///
///

1

**DECLARATION OF KATIE YOUNG AND JOHN KANG PURSUANT TO C.C.P. SECTION 377.32**

1

2    Executed on October _19_, 2023, in _Garden Grove_, California.

3

4    Katie Young

5

6

7    Executed on October _14_, 2023, in _Phoenix_, Arizona.

8

9    John Kang

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**DECLARATION OF KATIE YOUNG AND JOHN KANG PURSUANT TO C.C.P.
SECTION 377.32**

3052022132160
STATE FILE NUMBER

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/02)

3202215003053
LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| SIDNEY | YOUNG | KANG |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| ~~redacted~~ | 31 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS/SRDP at Time of Death | 7. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hours) |
|---|---|---|---|---|---|
| CA | ~~redacted~~ | YES [X] NO UNK | NEVER MARRIED | 05/05/2022 | 1041 |

| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | 14/15. WAS DECEDENT HISPANIC/LATINO/a/SPANISH? (If yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| HS GRADUATE | YES [X] NO | KOREAN |

| 17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| NEVER WORKED | NONE | 0 |

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 3000 WEST CECIL AVENUE |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| DELANO | KERN | 93215 | 5 | CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state and zip) |
|---|---|
| JOHN KANG, FATHER | 9601 S 50TH STREET, PHOENIX, AZ 85044 |

**SPONSOR/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| – | – | – |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| JOHN | – | KANG | S KOREA |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| KATIE | YOON | CHO | S KOREA |

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 06/13/2022 | ROSE HILLS MEMORIAL PARK 3888 WORKMAN MILL ROAD, WHITTIER, CA 90601 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CREMATE/BURIAL | ▶ SAMUEL MARTIN JANULEWICZ | EMB9300 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| ROSE HILLS MORTUARY | FD970 | ▶ KRIS LYON, MD | 06/07/2022 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| KERN VALLEY STATE PRISON | IP / BVOP / DOA | Hospice / Nursing Home/LTC / Decedent's Home / Other [X] |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| KERN | 3000 WEST CECIL AVENUE | DELANO |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE | Time interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) | MULTIPLE STAB WOUNDS | MINS | [X] YES   NO |
| Sequentially list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (Disease or injury that initiated the events resulting in death) LAST (B) | | | 109. REFERRAL NUMBER C01523-22 |
| (C) | | | 109. BIOPSY PERFORMED? [X] YES NO |
| (D) | | | 110. AUTOPSY PERFORMED? [X] YES NO |
| | | | 111. USED IN DETERMINING CAUSE? [X] YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since (A) mm/dd/ccyy   Decedent Last Seen Alive (B) mm/dd/ccyy | ▶ | | |

| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| Natural / Accident / Homicide [X] / Suicide / Pending Investigation / Could not be determined | YES [X] NO UNK | 05/05/2022 | 1004 |

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|
| OTHER: STATE PRISON |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| STABBED BY ANOTHER |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|
| KERN VALLEY STATE PRISON 3000 WEST CECIL AVENUE, DELANO, CA 93215 |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| ▶ BROOKE HOOD | 06/07/2022 | BROOKE HOOD, DEP CORONER |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

CAKERN--02

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF KERN

This is a true and exact reproduction of the document officially registered and placed on file with the Kern County Recorder.

001242534

DATE ISSUED _____ OCT 19 2023



LAURA AVILA
ASSESSOR RECORDER

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the County Recorder.