1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  R. LAWRENCE BRAGG, State Bar No. 119194
   Supervising Deputy Attorney General
3  ANDREA R. SLOAN, State Bar No. 265421
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7362
6    Fax:  (916) 324-5205
     E-mail:  Andrea.Sloan@doj.ca.gov
7  *Attorneys for Defendants*
   *C. Pfeiffer and J. Custer*

8
                  IN THE UNITED STATES DISTRICT COURT
9
                 FOR THE EASTERN DISTRICT OF CALIFORNIA
10
                            FRESNO DIVISION
11

12

13  **SIDNEY KANG, deceased, by and through**        1:23-CV-01519-KES-CDB
    **is Co-Successors in Interest, KATIE**
14  **YOUNG and JOHN KANG,**                          [~~PROPOSED~~] STIPULATED
                                                       PROTECTIVE ORDER
15                                      Plaintiffs,
                                                       Judge:        The Honorable Christopher D.
16             v.                                                    Baker
                                                       Action Filed:  October 24, 2023
17
    **CUSTER, et al.,**
18
                                      Defendants.
19

20

21  1.      **PURPOSES AND LIMITATIONS**

22          This action is likely to involve the disclosure of confidential materials that implicate the

23  privacy rights of third parties, material that may negatively impact the institutional security of the

24  California Department of Corrections and Rehabilitation (CDCR), and material that is otherwise

25  protected from disclosure under state or federal statutes, court rules, case decisions, or common

26  law.  The Court recognizes that at least some of the documents and information (materials) that

27  will be sought through discovery in the above-captioned action are normally kept confidential by

28  the parties.

                                         1

1    Accordingly, to expedite the flow of information, to facilitate the prompt resolution of

2    disputes over confidentiality of discovery materials, to adequately protect information the parties

3    are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses

4    of such material in preparation for and in the conduct of trial, to address their handling at the end

5    of the litigation, and serve the ends of justice, a protective order for such information is justified

6    in this matter.  It is the intent of the parties that information will not be designated as confidential

7    for tactical reasons and that nothing be so designated without a good faith belief that it has been

8    maintained in a confidential, non-public manner, and there is good cause why it should not be

9    part of the public record of this case.

10    Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated

11    Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket

12    protections on all disclosures or responses to discovery, and that the protection it affords from

13    public disclosure and use extends only to the limited information or items that are entitled to

14    confidential treatment under the applicable legal principles.  The Parties further acknowledge, as

15    set forth in Section 12.3 below, that this Order does not entitle them to file confidential

16    information under seal; General Local Rule 141 sets forth the procedures that must be followed

17    and the standards that will be applied when a Party seeks permission from the Court to file

18    material under seal.  The parties have agreed to be bound by the terms of this Order in this action.

19   **2.    DEFINITIONS**

20    2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

21    information or items under this Order.

22    2.2    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

23    information (regardless of how it is generated, stored or maintained) or tangible things that

24    qualify for protection and includes confidential information that has not been made immediately

25    available to the general public by the Plaintiffs, CDCR, or their agents, and constitutes or

26    discloses information which threatens safety or security of a prison or individual.  "Attorneys"

27    shall be limited to the counsel of record in this case and their support staff.

28   / / /

2.3     "CONFIDENTIAL"  Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection as confidential as stated in Section 2.2, but that may be disclosed to the parties in this action.

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, or who may testify as a non-retained expert.

2.7     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Counsel of Record:  attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as their support staff.  No current inmate or relative of a Party who is not an employee of Counsel's firm shall qualify as support staff in this case.

2.9     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.10    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  Professional Vendors who visit any prison, must comply with the institution's

3

rules and entry procedures, as well as any applicable portions of the Department Operations Manual and the California Code of Regulations.

2.12   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material.  This order does not govern any use of Protected Material at trial.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4

1    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

2    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

3    unnecessarily encumber or retard the case development process or to impose unnecessary

4    expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a

5    Designating Party's attention that information or items that it designated for protection do not

6    qualify for protection, the Designating Party must promptly notify all other Parties that it is

7    withdrawing the mistaken designation.

8        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,

9    or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

10   protection under this Order must be clearly so designated before the material is disclosed or

11   produced.

12       Designation in conformity with this Order requires:

13       (a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but

14   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

15   Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY" to each page that contains protected material provided that such marking does not

17   obscure the content of any record.  If only a portion or portions of the material on a page qualifies

18   for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

19   making appropriate markings in the margins).

20       (b)  <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

21   Designating Party identify the specific portions of the testimony as to which protection is sought

22   within 14 days of a hearing where no court reporter was present, or, in the case of a proceeding

23   where a court reporter is present, within 14 days of receipt of the transcript. Only those portions

24   of the testimony that are appropriately designated for protection within the 14 days shall be

25   covered by the provisions of this Stipulated Protective Order.

26       (c)  <u>for information produced in some form other than documentary and for any other</u>

27   <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the item,

28   container, or containers in which the information or item is stored the legend "CONFIDENTIAL"

or CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.**    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

      6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 7 days of the date of service of notice unless the Parties agree to confer on a later date.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

/ / /

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion challenging the designation under Civil Local Rule 251, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is later. The Parties may agree to modify this timeline.  Upon such motion, the Designating Party may present the material to the Court for an in camera review to determine whether and to what extent such information must be disclosed.  The Challenging Party may also challenge the designation through the Court's informal process for resolving discovery disputes, to the extent that it is available and the other parties are willing, and provided that a hearing through the informal process is set within the same time prescribed above for filing and serving a motion challenging the designation under Local Rule 251.

6.4     The burden of persuasion in any challenge made pursuant to ¶¶ 6.1-6.3 shall be on the Designating Party.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or items.  Counsel for the Receiving Party may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiffs, members of Plaintiffs' family, known friends or associates of Plaintiffs, any inmate or parolee, or the public.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be disclosed to:

7

(a)  Any Party's Counsel in this action, as well as employees of the Party's Counsel to whom it is reasonably necessary to disclose the information for this litigation and the Party's insurer.  Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or make copies of any item or information so designated, except as necessary for this litigation.  Counsel is responsible for ensuring that their staff complies with this Order;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  the Court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e)  during their depositions, non-inmate or non-parolee witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court, and provided that the witness does not leave any deposition with copies of any Protected Material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)  the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it; and

(g)  mediators, settlement officers, and their supporting personnel, mutually agreed on by the Parties engaged in settlement discussions.

7.3    Disclosure of "CONFIDENTIAL" Information or items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL" may only be disclosed to:

(a)  any Party's Counsel in this action, as well as employees of the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information for this litigation and the Party's insurer.  Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL" or make copies of any item or information so designated, except as

8

necessary for this litigation.  Counsel is responsible for ensuring that their staff complies with this Order;

(b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  the Court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court, and provided that the witness does not leave any deposition with copies of any Protected Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)  the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it;

(g)  mediators, settlement officers, and their supporting personnel, mutually agreed on by the Parties engaged in settlement discussions; and

(h)  the Parties in this action.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of Order; and

9

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.  Any party may mark documents produced by any other party or non-party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," to the extent consistent with section 5.1.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

10

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material labeled "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including identify the person or persons to whom unauthorized disclosures were made, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in section 10.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11

1    12.3   Filing Protected Material.  Protected Material may only be filed pursuant to Local

2    Rule 141 provided, however, that a Party filing a request to seal documents designated by another

3    as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall state in the

4    request that the documents were designated as "CONFIDENTIAL" or "CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" by the Designating Party, and the Designating Party shall then

6    bear the burden of showing good cause or demonstrating compelling reasons for sealing the

7    documents using the procedures set forth in Local Rule 141.  In this instance, the Designating

8    Party must file a document establishing that the designated materials are sealable within five

9    court days of the filing of the motion to seal.  In the event the Court denies any party's Request to

10   Seal Documents, the material may nonetheless be filed.

11   12.4   Access to Protected Material by Authorized Government Officials.  Nothing in this

12   Order is intended to prevent officials or employees of the State of California, the California

13   Department of Corrections and Rehabilitation, or other authorized government officials from

14   having access to Protected Material to which they have access in the normal course of their

15   official duties.

16   **13.    FINAL DISPOSITION**

17   13.1   Return or Destruction of Protected Material.  Within 60 days after the final

18   disposition of this action, as defined in paragraph 4, each Receiving Party must return all

19   Protected Material to the Producing Party for destruction or destroy such material.  As used in this

20   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

21   any other format reproducing or capturing any of the Protected Material.  Whether the Protected

22   Material is returned, or destroyed, the Receiving Party must submit a written certification to the

23   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

24   deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

25   summaries or any other format reproducing or capturing any of the Protected Material, other than

26   the exceptions set forth in section 13.2.

27   / / /

28   / / /

1    13.2  <u>Right to Retain Certain Categories of Material</u>.  Notwithstanding this section,

2  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

3  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4  reports, attorney work product, and consultant and expert work product, even if such materials

5  contain Protected Material.  Any such archival copies that contain or constitute Protected Material

6  remain subject to this Protective Order as set forth in Section 4 (DURATION).

7

8            **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

9  Dated:  March 22, 2024                    Respectfully submitted,

10                                          */S/ JAMES DO KIM*

11                                          JAMES DO KIM
                                            *Attorney for Plaintiffs*
12                                          **(as authorized on March 22, 2024)**

13

14  Dated:  March 22, 2024                    Respectfully submitted,
                                            */S/  ANDREA R. SLOAN*
15                                          ANDREA R SLOAN
                                            Deputy Attorney General
16                                          *Attorneys for Defendants*
                                            *C. Pfeiffer and J. Custer*
17

18

19  IT IS SO ORDERED.

20   Dated:   **March 25, 2024**

21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24  SA2024300063 / 37942535.docx

25

26

27

28

13